UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A & J PRODUCE CORP., COOSEMANS NEW YORK INC., D'ARRIGO BROS. CO. OF NEW YORK, INC., S. KATZMAN PRODUCE INC., NATHEL & NATHEL, INC. and RUBIN BROS. PRODUCE CORP., <br><br> Plaintiffs, <br><br> - against - <br><br> KNL, INC. t/a SONNY'S PRODUCE f/k/a SYPD, JAMES S. KIM and SOUNG S. KIM, <br><br> Defendants. | Case No. 26-cv-789 <br><br> **COMPLAINT** |

Plaintiffs A & J Produce Corp. ("A&J"), Coosemans New York Inc. ("Coosemans"),

D'Arrigo Bros. Co. of New York, Inc. ("D'Arrigo"), S. Katzman Produce Inc. ("Katzman"), Nathel

& Nathel, Inc. ("Nathel") and Rubin Bros. Produce Corp. ("Rubin") (A&J, Coosemans, D'Arrigo,

Katzman, Nathel and Rubin collectively, "Plaintiffs"), by and through undersigned counsel, as and

for their complaint against defendants KNL, Inc. trading as Sonny's Produce formerly trading as

SYPD ("Sonny's"), James S. Kim ("James Kim") and Soung S. Kim ("Soung Kim") (Sonny's,

James Kim and Soung Kim collectively, "Defendants"), allege as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities

Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction over Plaintiffs' non-PACA claims pursuant

to 28 U.S.C. § 1367.

- 1 -

3.    Personal jurisdiction exists over each Defendant because each of them conducts business in this district and has sufficient minimum contacts such that this proceeding does not offend traditional notions of fair play and justice.

4.    Venue in this district is based on 28 U.S.C. § 1391 because and a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

5.    A&J is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of fresh fruits and vegetables ("Produce") in interstate commerce and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 19771635.

6.    Coosemans is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 20031098.

7.    D'Arrigo is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 20031225.

8.    Katzman is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 19207656.

9.      Nathel is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 19720758.

10.     Rubin is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 19821215.

11.     Defendant Sonny's is and was a Connecticut corporation having its principal place of business in Greenwich, Connecticut, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 2011383.

12.     Defendant James Kim is and was the President and a shareholder of Sonny's during the period of time in question, controlled the operations of Sonny's and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiffs.

13.     Defendant Soung Kim is and was the registered agent and a shareholder of Sonny's, and a reported principal on Sonny's PACA license, during the period of time in question, controlled the operations of Sonny's and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiffs.

## GENERAL ALLEGATIONS

14.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

15.     Between October 7, 2025 and October 27, 2025, A&J sold and delivered to Defendants wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof having an agreed upon principal value of $16,703.00.

16.     Defendants have failed to make full payment for the Produce delivered by A&J when payment was due, despite repeated demands, and presently owe A&J the principal amount of $16,703.00, all of which is entitled to protection under PACA.

17.     Between October 13, 2025 and December 12, 2025, Coosemans sold and delivered to Defendants wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof having an agreed upon principal value of $15,128.50.

18.     Defendants made partial payment to Coosemans but have failed to make full payment for the Produce delivered by Coosemans when payment was due, despite repeated demands, and presently owe Coosemans the principal amount of $12,605.50, all of which is entitled to protection under PACA.

19.     Between November 3, 2025 and December 5, 2025, D'Arrigo sold and delivered to Defendants wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof having an agreed upon principal value of $33,494.40.

20.     Defendants made partial payment to D'Arrigo but have failed to make full payment for the Produce delivered by D'Arrigo when payment was due, despite repeated demands, and presently owe D'Arrigo the principal amount of $29,967.40, all of which is entitled to protection under PACA.

21.     Between October 31, 2025 and December 12, 2025, Katzman sold and delivered to Defendants wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof having an agreed upon principal value of $83,334.00.

22.     Defendants made partial payment to Katzman but have failed to make full payment for the Produce delivered by Katzman when payment was due, despite repeated demands, and presently owe Katzman the principal amount of $69,443.00, all of which is entitled to protection under PACA.

23.     Between October 13, 2025 and December 3, 2025, Nathel sold and delivered to Defendants wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof having an agreed upon principal value of $12,490.00.

24.     Defendants made partial payment to Nathel but have failed to make full payment for the Produce delivered by Nathel when payment was due, despite repeated demands, and presently owe Nathel the principal amount of $10,441.00, all of which is entitled to protection under PACA.

25.     Between December 2, 2025 and December 30, 2025, Rubin sold and delivered to Defendants wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof having an agreed upon principal value of $5,551.50.

26.     Defendants made partial payment to Rubin but have failed to make full payment for the Produce delivered by Rubin when payment was due, despite repeated demands, and presently owe Rubin the principal amount of $5,161.50, all of which is entitled to protection under PACA.

27.     Prior to the dates of the transactions on which Plaintiffs' claims are based, and on a regular basis during the period when Plaintiffs sold produce to Sonny's, Sonny's received or contracted to receive Produce totaling 2,000 pounds or more in weight in a single day.

28.     At the time of receipt of the Produce, each of the Plaintiffs became a beneficiary in a statutory trust designed to assure payment to Produce suppliers.  The trust consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

29.     A&J preserved its $16,703.00 interest in the PACA trust by issuing invoices to Sonny's for each of the Produce sales to Defendants which contain the statutory language required by 7 U.S.C. § 499e(c)(4).

30.     Coosemans preserved its $12,605.50 interest in the PACA trust by issuing invoices to Sonny's for each of the Produce sales to Defendants which contain the statutory language required by 7 U.S.C. § 499e(c)(4).

31.     D'Arrigo preserved its $29,967.40 interest in the PACA trust by issuing invoices to Sonny's for each of the Produce sales to Defendants which contain the statutory language required by 7 U.S.C. § 499e(c)(4).

32.     Katzman preserved its $69,443.00 interest in the PACA trust by issuing invoices to Sonny's for each of the Produce sales to Defendants which contain the statutory language required by 7 U.S.C. § 499e(c)(4).

33.     Nathel preserved its $10,441.00 interest in the PACA trust by issuing invoices to Sonny's for each of the Produce sales to Defendants which contain the statutory language required by 7 U.S.C. § 499e(c)(4).

34.     Rubin preserved its $5,161.50 interest in the PACA trust by issuing invoices to Sonny's for each of the Produce sales to Defendants which contain the statutory language required by 7 U.S.C. § 499e(c)(4).

35.     Each of the Plaintiffs remains a beneficiary of the PACA trust until full payment is made for the Produce.

36.     Defendants' failure, refusal, and inability to pay Plaintiffs, as well as the closure of its business, demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

**AS AND FOR A FIRST CAUSE OF ACTION**
**BY PLAINTIFFS AGAINST ALL DEFENDANTS**
(Injunctive Relief)

37. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 36 above as if fully set forth herein.

38. Defendants' failure to make payment to Plaintiffs of trust funds in the aggregate principal amount of $144,321.40 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

39. Pursuant to PACA and the prevailing cases, Plaintiffs are entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties.

**AS AND FOR A SECOND CAUSE OF ACTION**
**BY PLAINTIFFS AGAINST DEFENDANTS**
(Failure to Make Prompt Payment of Trust Funds)

40. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 39 above as if fully set forth herein.

41. Sonny's received each of the Produce shipments on which this action is based.

42. Defendants are required to promptly tender to Plaintiffs full payment for those shipments pursuant to PACA.

43. Defendants failed and refused to pay for the Produce supplied by Plaintiffs within the payment terms agreed to between the Parties.

44. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiffs have incurred damages in the aggregate principal amount of $144,321.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT JAMES KIM
(Unlawful Dissipation of Trust Assets by a Fiduciary)

45.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 44 above as if fully set forth herein.

46.     Defendant James Kim is and was the President and a shareholder of Sonny's and personally guaranteed Sonny's debts.

47.     Defendant James Kim operated Sonny's during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

48.     Defendant James Kim failed to direct Sonny's to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiffs for the Produce they supplied.

49.     Defendant James Kim knew or should have known that at all relevant times Sonny's was in breach of the PACA trust.

50.     Defendant James Kim's failure to direct Sonny's to maintain PACA trust assets and pay Plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets by an individual having a fiduciary obligation to its Produce suppliers.

51.     Defendant James Kim participated in Sonny's breach of the PACA trust.

52.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the statutory trust and have been denied payment for the Produce they supplied.

//

//

//

- 8 -

## AS AND FOR A FOURTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT SOUNG KIM
(Unlawful Dissipation of Trust Assets by a Fiduciary)

53.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 52 above as if fully set forth herein.

54.     Defendant Soung Kim is and was a shareholder of Sonny's and the reported principal on Sonny's PACA license.

55.     Defendant Soung Kim operated Sonny's during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

56.     Defendant Soung Kim failed to direct Sonny's to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiffs for the Produce they supplied.

57.     Defendant Soung Kim knew or should have known that at all relevant times Sonny's was in breach of the PACA trust.

58.     Defendant Soung Kim's failure to direct Sonny's to maintain PACA trust assets and pay Plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets by an individual having a fiduciary obligation to its Produce suppliers.

59.     Defendant Soung Kim participated in Sonny's breach of the PACA trust.

60.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the statutory trust and have been denied payment for the Produce they supplied.

//

//

//

- 9 -

**AS AND FOR A FIFTH CAUSE OF ACTION**
**BY PLAINTIFFS AGAINST SONNY'S**
(Failure to Pay For Goods Sold)

61.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 60 above as if fully set forth herein.

62.     Sonny's failed and refused to pay Plaintiffs the aggregate principal amount of $144,321.40 owed to Plaintiffs for Produce it received from Plaintiffs.

63.     As a direct and proximate result of Sonny's failure to pay promptly, Plaintiffs have incurred damages in the aggregate principal amount of $144,321.40, plus interest, costs and attorneys' fees.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**BY PLAINTIFFS AGAINST SONNY'S**
(Breach of Contract)

64.     Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 63 above as if fully set forth herein.

65.     Sonny's received Plaintiffs' invoices without objection on or about the dates indicated on the faces of the invoices.

66.     Plaintiffs' invoices to Sonny's constitute valid and enforceable agreements between the Parties.

67.     Sonny's breached the terms of the invoices by failing to timely remit payment for the Produce and other goods it received from Plaintiffs.

68.     Plaintiffs have performed all the duties, obligations and conditions precedent on their part to be performed under the invoices.

69.     As a direct and proximate result of the breach of contract by Sonny's, Plaintiffs have suffered damages in the aggregate principal amount of $144,321.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### BY NATHEL AGAINST JAMES KIM
(Breach of Personal Guarantee)

70.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 69 above as if fully set forth herein.

71.     As an inducement to allow Sonny's to purchase produce from Nathel on credit, James Kim gave Nathel a personal guarantee of payment and performance of all obligations of Sonny's.

72.     Nathel agreed to sell produce to Sonny's based, in part, in reliance on James Kim's personal guarantee of payment and performance.

73.     James Kim has failed and refused to pay the debt due Nathel from Sonny's despite due demand.

74.     As a direct and proximate result of James Kim's failure to comply with his obligations under the personal guarantee, Nathel has suffered damages in the principal amount of $10,441.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### BY PLAINTIFFS AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

75.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 74 above as if fully set forth herein.

76.     PACA and Plaintiffs' invoices entitle Plaintiffs to recover pre-judgment interest, costs and attorneys' fees incurred to collect any balance due from Defendants.

- 11 -

77.     Plaintiffs' invoices to Sonny's are past due entitling Plaintiffs to recover from Defendants interest at the rate of eighteen percent *per annum* on the unpaid invoice balances through and including the date of entry of judgment against Defendants.

78.     Plaintiffs have incurred attorneys' fees and costs in bringing this lawsuit against Defendants and, upon information and belief, will incur additional attorneys' fees and costs in connection with this litigation.

79.     Interest, attorneys' fees and costs are deemed sums owing in connection with the balance owed to Plaintiffs under the PACA trust.

**WHEREFORE**, Plaintiffs request the following relief:

A.     On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties;

B.     On the second cause of action, judgment in favor of Plaintiffs and against Defendants, jointly and severally, in the aggregate principal amount of $144,321.40 under the trust provisions of PACA;

C.     On the third cause of action, judgment in favor of Plaintiffs and against James Kim in the aggregate principal amount of $144,321.40 under the trust provisions of PACA;

D.     On the fourth cause of action, judgment in favor of Plaintiffs and against Soung Kim in the aggregate principal amount of $144,321.40 under the trust provisions of PACA;

E.     On the fifth cause of action, judgment in favor of Plaintiffs and against Sonny's in the aggregate principal amount of $144,321.40;

F.     On the sixth cause of action, judgment in favor of Plaintiffs and against Sonny's in the aggregate principal amount of $144,321.40;

G.      On the seventh cause of action, judgment in favor of Nathel and against James Kim in the principal amount of $12,101.00;

H.      On the seventh cause of action, judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

I.      Such other and further relief as the Court deems just and proper.

Dated: January 29, 2026

Respectfully submitted,
McCARRON & DIESS
Attorneys for Plaintiffs

By:   /s/ Gregory Brown
Gregory Brown
200 Broadhollow Road, Suite 207
Melville, New York 11747
(631) 425-8110
gbrown@mccarronlaw.com